IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA         *

     vs.                           *    CRIMINAL NO. MJG-11-0494

MATTHEW MACE                     *

*   *   *   *   *   *   *   *   *

## MEMORANDUM AND ORDER

The Court has before it a letter, undated but received this date from Defendant Matthew Mace, presenting a Motion for Sentence Modification. The Court finds that neither a response nor a hearing is necessary.

Defendant Mace was sentenced, on November 19, 2012, to a three year term of probation, including the condition that he reside for a year and a day in a residential facility. He seeks to have the sentence modified so as to provide for home confinement.

The Court's authority to modify a sentence after imposition is limited. There is such authority (1) upon motion of the Director of the Bureau of Prisons; (2) as permitted by statute or Federal Rule of Criminal Procedure 35 ("Rule 35")[1] and (3) where the relevant sentencing guidelines have changed since sentence was imposed. See 18 U.S.C. § 3582(c)(1)(A), (1)(B),

---

[1] Rule 35 permits modification of a sentence: (a) upon remand after appeal; (b) upon motion of the Government for substantial assistance; (c) within 14 days after sentencing if there was an arithmetical, technical, or other clear error.

and (2).  United States v. Clark, 8 F. Supp. 2d 560, 561 (W.D. Va. 1998) (finding the court's hands were tied and it could not modify the defendant's sentence to home confinement due to defendant's failing health).  See also, U.S. v. Cook, 890 F.2d 672, 675 (4th Cir.1989) (district court does not have power to amend a sentence simply because it changes its mind).

Defendant Mace seeks to rely upon cited decisions of Maryland State courts based upon Maryland rules of procedure.  These decisions do not provide authority to this Court to modify a sentence.

Accordingly:

1. The Clerk shall docket the aforesaid letter as a Motion for Sentence Modification.

2. The Motion for Sentence Modification is DENIED.

3. This action is without prejudice to renewal if Defendant Mace can provide authority that would permit a modification of the sentence imposed upon him.

SO ORDERED, on Tuesday, February 19, 2013.

/s/
Marvin J. Garbis
United States District Judge